UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN BRADLEY FOUTS,

        Plaintiff,

  v.

JAY INSLEE, et al.,

        Defendant.

CASE NO. 3:23-cv-05565-LK-BAT

**ORDER DENYING MOTION FOR COUNSEL**

Plaintiff is currently detained in the Mason County Jail. He filed a 42 U.S.C. § 1983 civil rights action against numerous individuals regarding medical treatment at several Washington State Department of Corrections Prisons.

Plaintiff moves for appointment of counsel. Dkt. 5. The Court has reviewed the motion and the record and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel, Dkt. 5, is **DENIED**. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

The Court denies appointment of counsel because the complaint Plaintiff filed is not complex. It alleges Defendants violated his rights by failing to treat a medical condition that caused him great pain. Plaintiff has shown the ability to articulate his claim without counsel.

While Plaintiff demonstrates the ability to articulate his claims, the complaint contains several defects affecting the merits of Plaintiff's contentions. The complaint names entities that cannot be sued, such the State of Washington. The complaint provides no basis as to how or why Governor Jay Inslee engaged in any acts that support relief. The complaint also contains conclusory allegations against various medical staff, wardens or superintendents that are insufficient as presently presented. The Court further notes that at least a portion of Plaintiff's allegations occurred outside of the three-year statute of limitations and may thus be time-barred.

Based on the record presently before Court, Court concludes Plaintiff has not demonstrated his case involves exceptional circumstances which warrant the appointment of counsel.

(2) The Clerk shall provide a copy of this Order to Plaintiff.

DATED this 7th day of July, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL
- 2