UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN BRADLEY FOUTS,

    Plaintiff,

v.

JAY INSLEE, et al.,

    Defendant.

CASE NO. 3:23-cv-05565-LK-BAT

**ORDER DECLINING SERVICE AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff filed an amended complaint on July 19, 2023. Dkt. 10. The amended complaint is deficient. The Court thus directs Plaintiff to file a second amended complaint by August 8, 2023.

On June 26, 2023, Plaintiff initiated this matter by filing a complaint seeking 42 U.S.C § 1983 relief against Defendants Governor Jay Inslee; the State of Washington; and the Wardens and Medical Directors of the Correction Centers at Coyote Ridge, Washington Corrections, and Washington Penitentiary. Dkt. 1.

The Court declined to serve Plaintiff's complaint and directed Plaintiff to file an amended complaint because it named Defendants that are immune from suit and failed to set forth facts to state a claim for relief. Dkt. 9. On July 19, 2023, Plaintiff filed an amended complaint naming as Defendants the Wardens and Medical Directors of the Correction Centers at Coyote Ridge,

Washington Corrections, Washington Penitentiary, and "Health Care Systems." Dkt. 10. The amended complaint is still deficient, and the Court thus directs Plaintiff to file a second amended complaint by August 8, 2023.

Each of Plaintiff's complaint broadly allege Defendants violated his rights by giving him a pain medication that takes 4-6 weeks to take "full effect." Plaintiff sued Defendants alleging they are responsible for his medical care and the proper training of medical staff. The complaints focus on how the medications Defendants provided took 4-6 weeks to take full effect. As relief, Plaintiff seeks an order directing the medical staff to provide him Gabapentin or other pain medications.

The amended complaint is deficient and subject to dismissal. The amended complaint has dropped claims that are time barred and now alleges Defendants violated his rights by failing to provide adequate medical care for the time period from June 2020 to the present. The amended complaint has also dropped the immune Defendants the State of Washington and Governor Inslee.

Count I of the amended complaint alleges the medical directors at various prisons violated Plaintiff's rights. Dkt. 10 at 7. In support, Plaintiff alleges various "Jane Doe" medical staff did not provide him with sufficient pain medications. Plaintiff alleges "all health services manager knew of facts underlying Eight Amendment violation and failed to act to prevent further violations." *Id.* at 11.

These allegations are insufficient to sustain a § 1983 civil rights claim against the medical directors because these Defendants cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the

ORDER DECLINING SERVICE AND
DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT - 2

plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989). Plaintiff is therefore directed to file a second amended complaint that names the medical provider at each prison that failed to provide him sufficient pain medications. This is necessary because the complaint cannot go forward against unknown persons. Plaintiff must also provide facts establishing the wardens engaged in conduct that violated his rights, rather than being held liable based upon their supervisory position, or negligence.

Count II alleges Plaintiff filed grievances over the pain medications he was provided, but the wardens did not grant Plaintiff the relief he requested. Dkt. 10 at 12. Prisoners are not entitled to prison grievance procedures as a matter of course, and thus a claim prison officials failed to comply with such procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under Section 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Thompson v. Galaza* 2018 WL 11260897 at * 9 (9th Cir. 2018) (citing *Ramirez* that "there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process.")." Accordingly, the claim that the wardens' failure to grant Plaintiff's grievance requests is not actionable.

Accordingly, the Court ORDERS:

(1) The Court declines to serve the amended complaint. Dkt. 10.

(2) Plaintiff shall file a second amended complaint no later than **August 8, 2023**. The failure to file an amended complaint that sufficiently addresses the defects noted above may result in a recommendation this matter be dismissed.

(3) The amended complaint totally replaces the original complaint. The Court will only consider the amended complaint, and the amended complaint should therefore set forth all facts in support of all claims, and list all Defendants that Plaintiff wishes to sue.

(4)     The clerk shall provide Plaintiff a copy of this Order.

DATED this 21st day of July, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND
DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT - 4